[No. 15661.  Department Two.  July 28, 1920.]

A. ANDERSON, *Respondent*, v. J. E. GLENN *et al.*, *Appellants*.[1]

FERRIES—LICENSE TO OPERATE—EXCLUSIVE RIGHT—STATUTES. After issuance of a license for the operation of a ferry, the county commissioners have no power to license the operation of another ferry at the same place, or in such close proximity as to destroy the exclusive nature of the privilege, granted in such case by Rem. Code, § 5009, notwithstanding the county commissioners testified that it was not their intention to grant an exclusive franchise.

Appeal from a judgment of the superior court for Okanogan county, Davidson, J., entered January 22, 1918, in favor of the plaintiff, in an action for an injunction and for damages, tried to the court. Reversed.

*J. Henry Smith, P. D. Smith,* and *W. C. Brown,* for appellants.

*Wm. O'Connor* and *W. C. Gresham,* for respondent.

HOLCOMB, C. J.—In June, 1917, two ferries were being operated across the Okanogan river at the town of Monse, Washington, when plaintiff, the operator of one of the ferries, instituted this proceeding to restrain defendants, the operators of the other, from interfering with the one he was operating, and to re-

[1]Reported in 191 Pac. 792.

cover damages for such alleged interference. This appeal is from a judgment of the trial court awarding damages and the injunctive relief prayed.

One R. M. Acord originally owned the ferry now being operated by respondent, and in 1916, the sheriff of Okanogan county levied upon and sold this ferry to satisfy a judgment held against Acord by the Spokane Merchants' Association. It seems that this concern purchased the ferry at the execution sale, and in March, 1917, sold it to respondent, Anderson, who undertook to operate it. He did not, however, procure a license to do this until May 8, 1917, at which time, under an order of the county commissioners of Okanogan county, the county auditor issued to him a license to operate and maintain the ferry at Monse. At this time appellants were already operating their ferry at the same place under a license therefor issued to appellant Glenn under date of February 7, 1917, he having complied with the requirements of the statute relating to the giving of notice of intention to apply for a license. There is testimony by two of the county commissioners and by the deputy county attorney to the effect that, at the time of the hearing upon Glenn's application for a license, attention was called to the fact that a ferry (the old Acord ferry) was already being operated by Anderson at the place in question; that they understood that the license issued to Glenn was not to interfere with the operation of a ferry by any one else at this point; and that the license was not given to Glenn to the exclusion of any other person. But the statute, Rem. Code, § 5009, provides that:

"Every person licensed to keep a ferry, according to the provisions of this article, shall have the exclusive privilege of transporting all persons and property over and across the stream where such ferry is established, . . ."

The operation by Anderson of his ferry before this time was not under authority of a license issued to him. The license was not to the ferry boat and apparatus, but to the person operating. The execution sale transferred the personal property, but not the personal privilege. After the county commissioners had issued a license to Glenn in February, they could not properly issue one to Anderson in May. Glenn's right was exclusive, under the section of the statute quoted, the provision of law to that effect becoming an effective provision of his license the same as if incorporated therein.

Respondent says he is not attempting to enjoin appellants from operating their ferry at some other place, and claims that, by moving their cable and other appliances a short distance away from his on both banks of the river, appellants can operate their ferry without interfering with his boat. But, under the statute, as we have seen, there was an exclusive privilege to maintain a ferry at this place, and this privilege belonged to appellants. Even were the cable and other appurtenances of either party to the controversy moved so as to permit the operation of both ferry boats without either one interfering with the other, still the proximity of the two ferries would be such as to infringe upon the exclusive privilege assured by the statute to the person rightfully operating his ferry.

It follows that the judgment of the trial court must be, and it is, reversed and the cause dismissed.

Bridges, Fullerton, Mount, and Tolman, JJ., concur.